COTTA v. O'NEAL, and SIMPSON, *Claimant*.

Where a mortgagor cuts wood from the mortgaged premises without the consent of the mortgagee, and afterwards sells the same with the consent of the mortgagee upon condition that the proceeds shall be applied upon the mortgage debt, the purchaser with notice will not be chargeable for the price of the wood as the trustee of the mortgagor, as against the claim of the mortgagee.

FOREIGN ATTACHMENT. Issue between the plaintiff and claimant. Facts found by the court.

The trustees are indebted to the principal defendant for wood sold to them and cut by him from a farm which he had mortgaged to the claimant. The wood was cut without the claimant's knowledge. After it was cut, he consented to the sale of the wood to the trustees upon condition that the proceeds should be paid to him. The trustees had notice of the claimant's claim, but not of the particulars, before this suit was brought. The court found in favor of the claimant, and the plaintiff excepted.

*Stevens & Parker*, for the plaintiff.

*Sawyer & Sawyer, Jr.*, for the claimant.

SMITH, J. The claimant being mortgagee of the premises from which the wood was cut, the mortgage is regarded, what it purports to be on its face, as a conveyance to him of the land, for the purpose of giving full protection to his security. *Smith* v. *Moore*, 11 N. H. 55, 61.

The cutting was without his knowledge, and so without his assent. He could claim the wood cut off, or reduce it to possession before the lawful rights of third persons should intervene, or could treat the mortgagor as a trespasser. *Smith* v. *Moore*, 11 N. H. 55, 62, 63; *Pettengill* v. *Evans*, 5 N. H. 54; *Bussey* v. *Page*, 2 Shep. 132. But instead of reducing the wood to possession and applying the proceeds upon the mortgage debt, he consented to the sale upon condition that the proceeds should be paid to him to be applied in the same way. The mort-

gagor was in fact constituted his agent to sell the wood to the trustees. The proceeds belong to the principal and not to the agent.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.